This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38548**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**KEITH HIRSCHFELD,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Daniel E. Ramczyk, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant appeals his conviction of burglary of a vehicle. [MIO 1] In his docketing statement, Defendant challenged the sufficiency of the evidence to support his conviction, asserting as a mistake of fact that he believed he had permission from the owner to break into the vehicle to retrieve property. [DS PDF 3-4] This Court issued a notice of proposed summary disposition, proposing to affirm. [CN 3] Defendant has filed a memorandum in opposition to that proposed disposition.

**{2}**     In that memorandum, Defendant continues to assert that the trial evidence was insufficient because he has "consistently maintained that he had made a 'mistake of fact' and believed that the vehicle belonged to his grandmother and that he had permission to enter it." [MIO 1] Having duly considered Defendant's memorandum, we are unpersuaded. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (explaining that the repetition of earlier arguments does not meet a party's burden to come forward and specifically point out errors of law or fact in a notice of proposed summary disposition).

**{3}**     In arguing that the trial evidence was insufficient, Defendant continues to rely upon his own assertion that he believed that he had permission to be in the vehicle. [MIO 1] In doing so, Defendant is continuing to ask this Court to reweigh the evidence presented at trial and substitute our judgment for that of the jury. That is not the role of this Court. *See State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156 (explaining that an appellate court does not "substitute its judgment for that of the fact[-]finder" (internal quotation marks and citation omitted)).

**{4}**     Accordingly, for the reasons stated here and in our notice of proposed summary disposition, we affirm the judgment of the district court.

**{5}     IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**